THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* NORMAN HUTCHINSON, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* HUBERT GARNSEY, Appellant.

County Court, Jefferson County, December 31, 1938.

*W. Glenn Larmonth*, for the appellants.

*Carl J. Hynes, District Attorney*, for the respondent.

CALKINS, J. The information upon which this warrant was issued was for the alleged stealing of honey produced in a tree on the Blanchard farm. It was conceded in the argument that this honey was produced by wild bees. It was also conceded that defendants went upon the property of Blanchard and carried away approximately ten pounds of this honey.

It was also conceded in the argument that the bees producing this honey were never reduced to possession. Upon examination of the authorities submitted to me I fail to find any opinion in the courts of this State discussing the question of whether the taking of honey produced by wild bees could be the subject of larceny. However, in the case of *Wallis* v. *Mease* (3 Binn. [Pa.] 546) the court in Pennsylvania held (at p. 551): " The question then will

be, whether the taking honey *from a tree on the land of another*, with an intention of concealment, will amount to felony. *This must depend on the honey being the property of the owner of the land.* If the bees are his property, the honey is; for it is the manufacture of his hive. It is the production of what may be called his flock. But this requires proof in the first instance, that *the bees are his property.* The treeing on his land may form some presumption of it; but this is not sufficient in a criminal case, when it is notorious in natural history, * * *. It cannot necessarily be inferred therefore, that the honey made in a tree on another's land, is made by the *bees of the owner of the land.* * * * Here however a difficulty occurs; it may not have been the *herbagium terræ*, the herbage of the owner of this land, from whence the liquid was extracted that was made into honey. Bees do not confine themselves to the fruits or flowers growing near, but move to a distance; * * *. It cannot therefore be made out to a certainty that the honey has been made *out of the grass, or vegetables, of the owner of the land on which the tree is.* * * * But I incline to think that such occupancy does not give a property. A trespass would be committed in coming upon the land to take the bees or combs in this case, but not in taking the bees or combs would there be a trespass, if they could be taken without coming on the land, much less a felony. It is the same as with wild fowl who have been brooded and are roosting upon the land, which if they could be taken without ingress, there would be not even a trespass."

Following the reasoning set forth in the Pennsylvania case above stated, I find that honey which is the product of wild bees, under the circumstances of this case, is not the subject of larceny. Therefore, the defendants, by their pleas of " guilty " before the justice, nave pleaded " guilty " to an act which is not a crime. The judgment of convictions should be reversed. the defendants discharged and the fines remitted.

Ordered accordingly.